IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02509-PAB

REBECCA HAMMETT,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

## ORDER REMANDING CASE TO STATE COURT

---

This removed insurance case is before the Court on defendant State Farm

Mutual Automobile Insurance Company's notice of removal [Docket No. 1] and plaintiff

Rebecca Hammett's motion to remand [Docket No. 3].  Because plaintiff has failed to

comply with Local Rule 7.1A,[1] her motion is denied without prejudice.  *See* Practice

Standards (Civil cases), Judge Philip A. Brimmer § III.B.1.

However, in every case and at every stage of a proceeding, a federal court must

satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.

*Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628

F.2d 1289, 1297, 1301 (10th Cir. 1980).  Therefore, the Court takes up the question of

---

[1] D.C.COLO.LCivR 7.1A states, in its entirety, "The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule."

its subject-matter jurisdiction in this matter *sua sponte* on defendant's notice of removal.

The notice of removal claims that the Court has jurisdiction over this case based on

diversity of citizenship pursuant to 28 U.S.C. § 1332.  *See* Def.'s Notice of Removal

[Docket No. 1] ¶ 2.  According to the only jurisdictional statement in the notice of

removal,

> [t]he action is a civil action involving a claimed amount in controversy
> exceeding $75,000, exclusive of interest and costs, between parties of
> diverse citizenship, and for which this Court has original jurisdiction under
> 28 U.S.C.S. § 1332.  Plaintiff is a citizen of the State of Colorado, and
> Defendant is a citizen of the State of Illinois.  No change of citizenship of
> the parties has occurred since the commencement of this action.

Def.'s Notice of Removal ¶ 2.

Generally, a party may remove "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a)

(2006).  Relevant to the present case, "[t]he district courts shall have original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between . . . citizens of different States . . . ."  28

U.S.C. 1332(a) (2006).

It is well established that "[t]he party invoking federal jurisdiction bears the

burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W.*

*Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Therefore, when a defendant

removes a case from state court asserting the existence of diversity jurisdiction, the

removing defendant has the burden of establishing that the jurisdictional prerequisites

of § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290

(10th Cir. 2001).  Where uncertainties exist regarding the Court's jurisdiction, those

uncertainties are resolved in favor of remand.  *Martin*, 251 F.3d at 1290; *see also*

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption

against removal jurisdiction.").

      If at any time, "a federal court determines that it is without subject matter

jurisdiction, the court is powerless to continue."  *Cunningham v. BHP Petroleum Great*

*Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Where a case has been removed

from state court and a court determines any time prior to final judgment that jurisdiction

is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court.

*See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

      "Both the requisite amount in controversy and the existence of diversity must be

affirmatively established on the face of either the petition or the removal notice."

*Laughlin*, 50 F.3d at 873.  For diversity purposes, "a corporation shall be deemed to be

a citizen of any State by which it has been incorporated and of the State where it has its

principal place of business."  28 U.S.C. § 1332(c)(1) (2006); *see Carden v. Arkoma*

*Assocs.*, 494 U.S. 185, 196 (1990).  Here, defendant avers only the conclusion that

"Defendant is a citizen of the State of Illinois" without providing the necessary facts to

support that conclusion, i.e., defendant's state of incorporation and principal place of

business.  Therefore, defendant has failed to sufficiently aver facts regarding its own

citizenship and, by extension, has failed to affirmatively establish this court's

jurisdiction.

      "The amount in controversy is ordinarily determined by the allegations of the

complaint, or, where they are not dispositive, by the allegations in the notice of

removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).  When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence.  *Martin*, 251 F.3d at 1290.  Here, the only specific dollar amount suggested by the complaint comes from the averment that "[p]laintiff, Rebecca Hammett, at all times relevant had an underinsured policy of insurance, policy no. D286226-E22-06H, with State Farm Mutual Automobile Company for an additional $50,000.00."  Notice of Removal, ex. 2 (Compl.) ¶ 4.  Because this statement fails to establish a sufficient amount in controversy, I look to the notice of removal to determine if defendant has "affirmatively established" the amount in controversy there.  *Laughlin*, 50 F.3d at 873.  However, the notice of removal contains no factual averments regarding the amount in controversy save for the bare assertion that "[t]he action is a civil action involving a claimed amount in controversy exceeding $75,000, exclusive of interest and costs."  Removal, however, cannot be based on conclusory allegations.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Defendant has attached the District Court Civil Cover Sheet to the Notice of Removal.  Plaintiff filed the cover sheet when she initiated this action in state court. The cover sheet indicates plaintiff is "seeking a monetary judgment for more than $100,000 against another party . . . ."  Notice of Removal, ex. 3.  Not only is the Notice of Removal deficient for not referencing the cover sheet but, even if it did make such a reference, a civil cover sheet alone cannot affirmatively establish the amount in controversy.  *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1214 (D. Colo. 2007).

Therefore, it is

**ORDERED** that pursuant to 28 U.S.C. § 1447(c) and due to this Court's lack of

subject-matter jurisdiction, this case is REMANDED to the District Court for Boulder

County, Colorado, where it was originally filed as Case No. 09-CV-1033.

DATED October 29, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge